IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, # B-44617,  )<br>  )<br>              Plaintiff, )<br>  )<br>vs.  )<br>  )<br>C/O TUBBS,  )<br>MRS. CUNNINGHAM,  )<br>and WARDEN GOINGS,  )<br>  )<br>              Defendants. ) | Case No. 18-cv-526-MJR |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2018, this case was severed from Plaintiff's original action, which is now captioned as *Haywood v. Finnerman*, Case No. 18-21-MJR-SCW (S.D. Ill., filed Jan. 4, 2018). (Doc. 1). The claims contained in this severed action arose during Plaintiff's incarceration at Lawrence, and are as follows:

> **Count 11:** Eighth Amendment deliberate indifference claim against Tubbs for refusing to honor Plaintiff's medical permits, and against Tubbs, Goings, and Cunningham for confiscating and/or cancelling the medical permits at Lawrence in 2016;
>
> **Count 12:** First Amendment retaliation claim against Tubbs, for shaking down Plaintiff's cell, destroying his commissary property, and refusing to honor Plaintiff's medical permits after Plaintiff filed grievances against Tubbs in 2016 at Lawrence.

(Doc. 1, p. 12).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

1

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review

under § 1915A.

## **The Complaint**

The allegations in the Complaint that relate to Counts 11 and 12 are summarized below. Back in 1995, while Plaintiff was a prisoner at Robinson Correctional Center, he developed a tumor on his left foot, which was eventually diagnosed as bone cancer. His foot was partially amputated. He also suffered back injuries in 1995 and 2006, which left him unable to walk and in need of a wheelchair for mobility. (Doc. 2, pp. 5-6).

On March 9, 2016, Plaintiff was transferred from the Menard Correctional Center to Lawrence. (Doc. 2, pp. 15-18). Lawrence physician Dr. Coe (who is not a Defendant in this action) issued Plaintiff permits for a low bunk, low gallery, a second mattress, ice, daily cleaning of his cell, and a wheelchair. (Doc. 2, p. 19).

In July 2016, C/O Tubbs began working on Plaintiff's housing wing. Tubbs refused to give Plaintiff ice, despite the fact Plaintiff had the medical permit and all other inmates were given ice. Tubbs stopped Plaintiff and his attendant from using cleaning supplies to clean Plaintiff's cell, because the permit did not say "cleaning supplies." (Doc. 2, p. 19). Plaintiff had Dr. Coe change the permit, but then Tubbs said it did not include bleach or pink soap. Finally Tubbs asked to see all Plaintiff's permits. When Plaintiff handed them over, Tubbs wrote on them that they were canceled.

Plaintiff wrote a series of 25 grievances against Tubbs. Later on, Tubbs stopped Plaintiff and his attendant from cleaning the shower chair, saying he would do it. Tubbs began "shaking down" Plaintiff's attendant, and some of his items disappeared, so the attendant quit. Plaintiff reported the problems with Tubbs to his counselor, a Lieutenant, a Major, and Wardens. Warden Goings told Plaintiff to stop writing grievances because he was aware of the problems with

Tubbs. (Doc. 2, pp. 19-20). However, Goings did not respond for 4 months.

Goings eventually told Plaintiff that he had a "permit problem" – meaning he had too many of them. (Doc. 2, p. 20). Goings called Mrs. Cunningham (Health Care Administrator) and told her to take Plaintiff's medical permits, and set him an appointment with the doctor.

Two days later, Plaintiff saw Dr. Shev[1] (or Dr. Shef), who said that because of the medical permits, Plaintiff would be made a permanent part of Health Care and would "live in the back." (Doc. 2, p. 20). Plaintiff protested, pointing out that his permits had been issued by the IDOC Medical Director, Dr. Shev's/Shef's boss. Dr. Shev/Shef had Plaintiff removed and taken back to his cell. Plaintiff wrote a grievance against Warden Goings.

Tubbs continued to harass Plaintiff, refusing to honor any of his permits. Tubbs would shake down Plaintiff's cell and discard his purchased commissary items for allegedly being in the wrong place or in the wrong package. Plaintiff complained to the counselor, saying he was tired, he had just lost his mother, and just found out he was terminally ill,[2] and since he was dying, "who can I take with me?" (Doc. 2, p. 21). Plaintiff was moved to 4 House, away from Tubbs, where he still remained as of the date he filed the original action in January 2018.

Plaintiff seeks compensatory and punitive damages. (Doc. 2, p. 27).

## Merits Review Pursuant to 28 U.S.C. § 1915A

For clarity, the Court will maintain the designation and numbering of the counts as set forth in the original threshold order. (Doc. 1). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of

---

[1] Plaintiff refers to this Defendant as "Dr. Shev" in the body of the Complaint. However, he includes only "Dr. Shef" in the list of parties. (Doc. 2, p. 2). The Court presumes Plaintiff is referring to the same individual. Plaintiff's claims against Dr. Shef/Shef regarding medical treatment were designated as Count 13 and severed into yet another separate case, *Haywood v. Shef, et al.*, Case No. 18-cv-527-JPG.

[2] Plaintiff states that in August 2016, while he was at Lawrence, he learned from Carle Foundation Hospital that he had terminal pulmonary sarcoidosis and congestive heart failure. (Doc. 2, p. 15).

this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 11:** Eighth Amendment deliberate indifference claim against Tubbs for refusing to honor Plaintiff's medical permits, and against Tubbs, Goings, and Cunningham for confiscating and/or cancelling the medical permits at Lawrence in 2016;
>
> **Count 12:** First Amendment retaliation claim against Tubbs, for shaking down Plaintiff's cell, destroying his commissary property, and refusing to honor Plaintiff's medical permits after Plaintiff filed grievances against Tubbs in 2016 at Lawrence.

Both of these Counts shall proceed for further consideration.

### Count 11 – Deliberate Indifference to Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient

5

to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

As the Court discussed in the severance order (Doc. 1), Plaintiff's claim that he is paralyzed from a back injury and unable to walk due to his paralysis and partially amputated foot satisfies the objective component of an Eighth Amendment claim. Plaintiff's doctor issued him a number of special permits in order to address his medical needs, and Tubbs was aware of the permits. Nonetheless, Tubbs refused to honor Plaintiff's permits to receive ice and obtain supplies for daily cleaning of his cell. Tubbs then took it upon himself to cancel all the permits issued by the doctor, despite the fact that Tubbs himself was not a medical provider. (Doc. 2, p. 19).

After Plaintiff complained to Warden Goings about Tubbs' conduct, Goings instructed Cunningham (the Health Care Administrator) to take away Plaintiff's medical permits, which she apparently did. (Doc. 2, p. 20).

It is not clear from the Complaint whether Plaintiff suffered any adverse health effects from Tubbs' refusal to honor the medical permits or from their revocation. But the disregard and cancellation of the permits, which were properly issued by Plaintiff's medical providers, may amount to deliberate indifference on the part of Tubbs, Goings, and Cunningham. At this early stage, therefore, Plaintiff may proceed with his deliberate indifference claim against these Defendants in **Count 11**.

### Count 12 – Retaliation

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v.*

*Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Plaintiff alleges that after he complained and filed numerous grievances over Tubbs' refusal to follow his medical permits, Tubbs stepped up his harassment of Plaintiff. Tubbs continued to ignore the medical permits, targeted Plaintiff for shakedowns of his cell, harassed Plaintiff's aide to the degree that the aide quit, and discarded items that Plaintiff had purchased from the commissary for what seems like trivial reasons. All these adverse actions, which followed Plaintiff's protected grievances and verbal complaints, arguably constitute retaliation by Tubbs and may have violated Plaintiff's First Amendment rights. Accordingly, the retaliation claim in **Count 12** against Tubbs shall also proceed for further review.

## Pending Motions

Plaintiff's motions for recruitment of counsel (Docs. 5 & 6) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

The Clerk of Court shall prepare for Defendants **TUBBS, CUNNINGHAM,** and **GOINGS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a

7

copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 5 & 6).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 2, 2018**

                                                **s/ Michael J. Reagan**
                                                Chief Judge
                                                United States District Court