# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-526-SMY-GCS |
| C/O TUBBS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 43), recommending the undersigned grant Defendants' Motion for Summary Judgment (Doc. 29). Plaintiff filed a timely objection (Doc. 46). For the following reasons, Judge Sison's Report and Recommendation is **REJECTED**.

### Background

Plaintiff John Haywood, an inmate currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Haywood, who is wheelchair-bound, asserts Defendants were deliberately indifferent to his serious medical needs by confiscating and/or canceling his medical permits. Haywood also brings a First Amendment retaliation claim against Defendant Tubbs for shaking down his cell, destroying his commissary property, and refusing to honor his medical permits after Haywood filed grievances against Tubbs.

Defendants moved for summary judgment, arguing Haywood failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 29). Haywood filed a Response,

contending that Lawrence's wrongful conduct made it impossible for him to comply with the grievance procedure (Doc. 35). Specifically, Haywood included an affidavit averring that the grievance process was unavailable because for at least 3 of the grievances, Lawrence officials did not give him notice or provide documentation of the denial until 30 or more days had passed; making it impossible for him to timely appeal. *Id*. Defendants filed a Reply Brief which included a never-produced unauthenticated grievance log (Doc. 37).

Judge Sison did not conduct a *Pavey* hearing and instead relied on the written submissions of the parties. In his Report, Judge Sison found that Haywood did not fully comply with the required exhaustion procedures. Relying on the date of the Chief Administrative Officer's ("CAO") signatures on Haywood's grievances and the date the ARB received the appeals, Judge Sison concluded that Haywood failed to appeal denials of his grievances in a timely manner, and as a result, failed to exhaust his administrative remedies.

**Discussion**

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that

an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The Illinois Administrative Code (the "Code") governs the grievance and appeals process available to prisoners. A prisoner may file a grievance in the normal course which includes: (1) submitting a grievance to a grievance officer; (2) the grievance officer's findings and recommendations are reviewed by the CAO; (3) the CAO renders a decision; (4) the CAO's decision may then be appealed to the ARB in writing within 30 days. 20 ILCS §§ 504.830, 504.850(a).

For his objection, Haywood claims Judge Sison erred in two respects: (1) he relied on Defendants' never-produced, unauthenticated Grievance Logs and (2) he misapplied the summary judgment standard by making a credibility determination, weighing the evidence, and drawing adverse inferences against Haywood rather than acknowledge the dispute of material fact between Haywood's sworn affidavit and the Grievance Logs.

This lawsuit is subject to the requirements of *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008). Under *Pavey*, if exhaustion is contested, an evidentiary hearing is held and a determination made regarding whether the plaintiff has, or has not, exhausted his administrative remedies. *Id* at 742. In this case, there is an evidentiary dispute as to whether Haywood was thwarted from timely appealing his grievances to the ARB. Haywood has provided an affidavit stating that Lawrence provided late notice of his grievance decisions making a timely appeal unavailable. Defendants provided an unauthenticated Grievance Log purporting to document the date the grievances were sent to Haywood, not the actual date he received the grievance back. As Haywood notes, at best the Grievance Logs create a material dispute of fact (*i.e.*, Haywood provided sworn testimony that he did not receive notice and Defendants provided an

unauthenticated log arguing that it shows notice was provided). Given the disputed facts, a hearing in accordance with *Pavey* is warranted.

Accordingly, the Court **DEFERS** its ruling on Defendants' Motion for Summary Judgment (Doc. 29) and **REFERS** the matter to Judge Sison to conduct a *Pavey* hearing on the Motion and to supplement his Report.

**IT IS SO ORDERED.**

**DATED: September 30, 2019**

**STACI M. YANDLE**
**United States District Judge**